UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.J. AMOROSO CONSTRUCTION INC, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>BONESO BROTHERS CONSTRUCTION INC, et al., <br><br>　　　　Defendants. | Case No. 22-cv-02586-SVK <br><br>**ORDER ON PLAINTIFF S.J. AMOROSO CONSTRUCTION'S MOTION TO REMAND** <br><br>Re: Dkt. No. 10 |

Before the Court is the motion of Plaintiff S.J. Amoroso Construction Co., LLC to remand this case to state court. Dkt. 10 (Notice of Motion), 11 (Memorandum of Points and Authorities), 12 (Declaration of Roger F. Liu), and 13 (Proposed Order). Defendant Boneso Brothers Construction Inc. ("Boneso") opposes the motion (Dkt. 16), and Amoroso filed a reply (Dkt. 18). The Court held a hearing on July 12, 2022. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 9, 15. After considering the Parties' briefs, the arguments at the hearing, relevant law, and the case file, the Court **GRANTS** the motion to remand for the reasons that follow.

**I.   BACKGROUND**

　　**A.   The State Court Action**

According to the Notice of Motion to Remand, moving party S.J. Amoroso Construction Co., LLC is the successor in interest to S.J. Amoroso Construction Co., Inc. (collectively, "Amoroso"). Dkt. 10 at 2. Amoroso originally filed this case in state court over two years ago, on April 30, 2020. Dkt. 1-1 at Ex. 1 (the "Complaint" in the "State Court Action"). The case arises out of a public construction project known as the Research and Veterinary Medical Unit, VA Palo Alto Health Care System, Project No. 640-424J, located in Palo Alto, California (the "Project").

*Id.* ¶ 6. Amoroso was the direct contractor with the United States Department of Veteran Affairs on the Project, and Amoroso entered into a subcontract with Boneso on the Project. *Id.* ¶¶ 6-7. The defendants in the State Court Action are Boneso and its performance bond surety, The Guarantee Company of North America USA ("Guarantee"). *Id.* Amoroso asserts causes of action for breach of written contract and action on written performance bond. *Id.*

On July 14, 2020, Boneso filed a cross-complaint against Amoroso in the State Court Action, asserting causes of action for breach of contract, open book account, quantum meruit, prompt payment penalties, negligent misrepresentation, and intentional misrepresentation. Dkt. 1-2 at Ex. 3. According to Boneso, at the time it filed the cross-complaint, the Project had not yet been completed. Dkt. 1 (Notice of Removal) ¶ 4.

Amoroso states the Parties have engaged in extensive written discovery and private mediation in the State Court Action. Dkt. 12 ¶¶ 3-5. Before Boneso removed the State Court Action to this Court, the Parties were preparing for depositions, and the case was set for a three-week jury trial beginning October 24, 2022. *Id.* ¶¶ 6-7.

**B.     The Miller Act Action**

On April 12, 2022, Boneso filed a complaint in this District against Amoroso, Liberty Mutual Insurance Company ("LMIC"), and Federal Insurance Company ("Federal"), seeking to enforce the Miller Act Payment Bond procured by Amoroso for the Project. *See United States for the use and benefit of Boneso Brothers Construction Inc. v. S.J. Amoroso Construction Co., Inc. et al.*, Case No. 5:22-cv-02271-JD (the "Miller Act Action"). In the Miller Act Action, Boneso filed a motion to consolidate that case with this one, in which Boneso argued that both cases involve the same parties and concern the same questions of fact and law. Miller Act Action Dkt. 14. Amoroso opposed the motion to consolidate on the grounds that this case should be remanded and that there is thus no basis upon which to consolidate the cases. Miller Act Action Dkt. 29. The court in the Miller Act Action terminated the motion to consolidate without prejudice and directed Boneso to file an administrative motion to consider whether the cases should be related. Miller Act Action Dkt. 37. According to Amoroso, LMIC and Federal have consented to a remand of this action and to a stay of the Miller Act Action. *See* Dkt. 12 ¶ 8.

### C. Notice of Removal and Motion for Remand

On April 28, 2022, Boneso, with the consent of Guarantee, filed a Notice of Removal in the State Court Action, which initiated this case. Dkt. 1. The Notice of Removal cites the pending Miller Act Action, arguing that "[t]he Miller Act grants federal courts exclusive jurisdiction" and "[t]he claims contained to [sic] in the State Court Action are so intertwined with the Miller Act Complaint such that if they proceed independent from one another, it will result in fragmentation of litigation and multiplicity of suits." *Id.* ¶ 7. Boneso states that it "seeks removal of the State Court Action, as the claims contained therein are supplemental and ancillary to the claims plead by Boneso in the Miller Act Complaint." *Id.* ¶ 8.

Amoroso now seeks to remand this case to state court. Dkts. 10-13.

## II. LEGAL STANDARD

Removal to federal court is proper only where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441(a). The removal statutes are strictly construed against removal, and the removing defendant bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubt about whether removal is proper must be resolved in favor of remand. *Id.*

## III. DISCUSSION

Amoroso argues that Boneso's removal of this case was improper and that the case should be remanded because it is based entirely upon state law claims. Dkt. 11 at 2. Amoroso asserts that federal subject matter jurisdiction over this action cannot be predicated on the separate Miller Act Action. *Id.* Amoroso also argues that the Court should decline to exercise supplemental jurisdiction over this action because the *Colorado River* doctrine compels abstention to allow the state court to adjudicate the state law claims and to stay a pending and derivative federal Miller Act bond action. *Id.* (citing *United States ex rel. Walden Structures, Inc. v. T.B. Penick & Sons, Inc.*, Case No. 13-CV-0470 W (JMA), 2013 U.S. Dist. LEXIS 103113 (S.D. Cal. 2013)). In response, Boneso argues that removal was proper because (1) the state claims draw into question substantial federal issues under the Miller Act; and (2) the state law claims should be treated as compulsory counterclaims to Boneso's Miller Act claim. Dkt. 16 at 2-5.

As set forth above, removal is proper only where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441(a); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). Boneso does not argue that diversity jurisdiction exists. Accordingly, the Court must determine whether it has federal question jurisdiction.

Federal question jurisdiction exists over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if federal law creates the cause of action or, under certain circumstances, if plaintiff's right to relief necessarily requires resolution of a substantial question of federal law. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-314 (2005). Under the well-pleaded complaint rule, whether a case arises under federal law must be determined from the face of the complaint. *Lippitt v. Raymond James Fin. Serv.,* 340 F.3d 1033, 1039-40 (9th Cir. 2003) (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

Here, the complaint filed by Amoroso in the State Court Action alleges only claims under state law. *See* Complaint. Moreover, the fact that Boneso's Miller Act Action is now pending in federal court does not provide a basis for the removal of the separate State Court Action. Even if Boneso's Miller Act claim is analyzed as a defense or counterclaim in this case, rather than in its current posture as a separate case, defenses and counterclaims do not satisfy the requirement that the case "arise under" federal law. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002); *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 14 (1983) ("[I]t has been settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

This case is similar to *Mike Nelson Co., Inc. v. Hathaway,* No. CV F 05-0208 AWI DLB, 2006 WL 3826736 (E.D. Cal. Dec. 28, 2006), in which another district court in this Circuit remanded a case that had been removed from state court on the basis of a Miller Act counterclaim. The court in that case concluded it did not have subject matter jurisdiction over the removed case because no federal question appeared on the face of the state court complaint, which sought

4

1  recovery only under California state law for breach of contract, account stated, and common
2  count. *Id*. at *4.  Although the defendant in the state court action argued that that it had a
3  counterclaim against the plaintiff under the Miller Act, the court explained that "[j]urisdiction over
4  a removed case is determined by examination of the complaint at the time of removal" and
5  "federal exclusivity of a counterclaim or third-party claim is not a basis for removal or jurisdiction
6  over a removed case." *Id*.  Similarly, a Kansas district court remanded a case involving only state
7  law claims related to a federal construction project despite the removing party's argument that the
8  case presented issues governed by the Miller Act, finding that "there is no claim in this suit on a
9  Miller Act bond against a principal and surety." *Christian v. College Blvd. Natl. Bank*, No. CIV.
10 A. No. 90-2050-V., 1990 WL 98345, at *3 (D. Kan. June 26, 1990); *see also MSB Constructors,*
11 *Inc. v. KAB Excavation, LLC*, No. 4:20-CV-1069-Y, 2021 WL 4137524, at *3 (N.D. Tex. Apr. 29,
12 2021) (remanding case involving state law claims brought by contractor against subcontractor of
13 federal project, rejecting argument that resolution of the claims required resolution of federal
14 rights under Miller Act).  The Court finds the reasoning of these cases persuasive.  Like these
15 other cases, the complaint in the State Court Action here contains only claims under state law, and
16 the fact that Boneso since filed a separate Miller Act action in federal court does not create
17 jurisdiction over the removed case.

18         Narrow exceptions to the well-pleaded complaint rule allow a court to exercise removal
19 jurisdiction over a case involving purely state law claims where (1) federal law completely
20 preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief
21 depends on the resolution of a substantial, disputed federal question.  *See ARCO Environmental*
22 *Remediation LLC v. Dept. of Health and Environmental Quality*, 213 F.3d 1108, 1114 (9th Cir.
23 2000); *see also Lippitt*, 340 F.3d at 1041-42.  Boneso has not demonstrated that this case falls
24 within any of these narrow exceptions.  Boneso does not argue that Amoroso's state law claims
25 are preempted by the Miller Act or that they are necessarily federal in character, but instead argues
26 that Amoroso's right to relief depends on the resolution of a substantial federal question.  Dkt. 16
27 at 4.  Boneso's premise is that "the money sought by Boneso under that contract [with Amoroso]
28 is subject to the Miller Act."  *Id*.  But this argument does not establish that Amoroso's state law

5

1  claims involve a substantial federal question.  "Only a few cases have ever fallen into this narrow
2  category," and to do so the federal issue must be "(1) necessarily raised, (2) actually disputed, (3)
3  substantial, and (4) capable of resolution in federal court without distributing the federal-state
4  balance approved by Congress."  *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746 (9th
5  Cir. 2022) (internal quotation marks and citations omitted).  Boneso has not shown that these
6  requirements are met and cites no cases in which removal of an action asserting purely state claims
7  has been upheld due to the presence of Miller Act issues.

8  Boneso also accuses Amoroso of a "strategic maneuver" and "ploy" in filing the State
9  Court Action two years before the Miller Act cause of action accrued upon completion of the
10 Project.  Dkt. 16 at 2.  An exception to the well-pleaded complaint rule exists where the party
11 opposing removal has engaged in "artful pleading" by omitting from the complaint allegations of
12 federal law that are essential to the establishment of his claim.  *See Mike Nelson Co.*, 2006 WL
13 3826736, at *2 (quoting *Lippitt,* 340 F.3d at 1041).  However, this exception typically applies only
14 where the state law causes of action are completely preempted by federal law.  *See Chevron*, 32
15 F.4th at 748; *see also* Rutter Group, *Federal Civil Procedure Before Trial*, ¶ 2:2568 ("As a
16 practical matter, the 'artful pleading' doctrine applies primarily in areas *completely preempted* by
17 federal law" (emphasis in original)).  The artful pleading limitation does not apply where plaintiff
18 has a viable state law claim as an alternative to a federal claim.  *See Redwood Theatres, Inc. v.*
19 *Festival Enterprises, Inc.,* 908 F.2d 477, 479 (9th Cir. 1990).  Here, the artful pleading exception
20 to the well-pleaded complaint rule does not apply.

21 Boneso's other arguments why this this case should not be remanded are also without
22 merit.  Boneso argues that it has sought removal "on the basis that Amoroso's Removed Action is
23 contesting Boneso's entitlement to sums that are otherwise due under the federal Miller Act
24 statute, and as such, the Court should exercise supplemental jurisdiction over the entire Removed
25 Action under 28 U.S.C. § 1367."  Dkt. 16 at 4-5.  However, supplemental jurisdiction is limited to
26 claims within a "civil action of which the district courts have original jurisdiction."  28 U.S.C.
27 § 1367(a).  "By definition and its own name . . . supplemental jurisdiction does not provide an
28 independent basis for removal."  *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc.*,

6

272 F. Supp. 2d 919, 924-25 (N.D. Cal. 2003); *see also Taylor v. Brinckhaus*, No. 18-cv-00804-JCS, 2018 WL 1891454, at *2 (N.D. Cal. Apr. 20. 2018) ("As far as the Court is aware, every court to consider the issue has held that § 1367 does not provide jurisdiction for removal based on claims related to a separate action" (citing cases)). Boneso also argues that the causes of action in the State Court Action and the Miller Act case "*should* be tried together" as a matter of judicial efficiency and asks the Court "to exercise its discretion in permitting one streamlined federal lawsuit to adjudicate the entire dispute between the parties." Dkt. 16 at 2 (emphasis in original). However, contrary to Boneso's argument, this Court does not have "discretion" to proceed with this case in the absence of subject matter jurisdiction, even if it might be more efficient to do so.

The Parties' dispute regarding whether *Colorado River* abstention is appropriate focuses on whether the Miller Act Action should be stayed in favor of the State Court Action. *See* Dkt. 11 at 7-9; Dkt. 16 at 5-6. That argument relates to the separate Miller Act Action, not the motion to remand currently before this Court, and thus this Court does not reach that issue.

Accordingly, because the Court does not have subject matter jurisdiction over the State Court Action, Amoroso's motion to remand is **GRANTED**.

## IV. AMOROSO'S REQUEST FOR ATTORNEY'S FEES AND COSTS

When courts remand a case, they "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This discretion is not unlimited, and a court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005). Further, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Whether removal was objectively reasonable is determined, in part, "by looking to the clarity of the law at the time of removal." *Id.* at 1066.

As discussed above, Boneso has not offered an objectively reasonable basis for concluding that this Court had subject matter jurisdiction over the removed case. The well-pleaded complaint rule is well-established. It is also clear that a federal defense or counterclaim cannot establish

7

removal jurisdiction and that the Court cannot exercise supplemental jurisdiction over Amoroso's state-law claims under the circumstances of this case. Boneso cited no cases in which an exception to the well-pleaded complaint rule was applicable to cases such as this one involving a removing party's Miller Act claim. Moreover, given the timing of the removal, which occurred after the State Court Action had been pending for over two years, with key discovery events and trial approaching, coupled with the fact that Boneso sought to consolidate this case with the Miller Act case, it appears that Boneso removed the State Court Action to delay litigation or impose costs on Amoroso, which also supports an award of attorney's fees. *See Martin*, 546 U.S. at 140.

The Court in an exercise of its discretion finds an award of attorney's fees appropriate. Amoroso has submitted evidence that it incurred $8,585.00 in connection with the motion to remand. Dkt. 12 (Liu Decl.). Although Boneso argues that the Court should not award attorney's fees, it does not dispute or address the amount of attorney's fees claimed by Amoroso. *See* Dkt. 16 at 4-5. Accordingly, the Court **GRANTS** Amoroso's request for attorney's fees in the amount of $8,585.00.

## V. CONCLUSION

For the reasons above, the Court **GRANTS** Amoroso's motion to remand and its request for attorney's fees in the amount of $8,585.00 and **REMANDS** this case to San Mateo County Superior Court.

**SO ORDERED.**

Dated: July 13, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

8